IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT HASKETT AND LAURA HASKETT         PLAINTIFFS

VS.                NO. 3:16-CV-00047 DPM/PSH

T.N.H.D PARTNERS, LLC d/b/a HARLEY DAVIDSON OF
COOL SPRINGS; 4162DOERR ROAD, INC. D/B/A MARSHALL
DISTRIBUTING, INC.; WESTERN POWER SPORTS, INC.,
as successor of MARSHALL DISTRIBUTING, INC.;
POWER PRIME LIMITED; And JOHN DOE 1,
UNKNOWN DEFENDANT                          DEFENDANTS

## PROTECTIVE ORDER

The parties to the above-referenced proceeding have requested that a Protective Order be entered, and good cause appearing therefore, it is so ordered by the Court as follows:

1. The term "Discovery Materials" shall be deemed to mean produced documents, responses to interrogatories and requests for admissions, deposition or other testimony, and any other information, document(s) or object(s) which have been or will be disclosed, produced or received by any party during prehearing proceedings in this action. All Discovery Materials produced during this action shall be used only for the prosecution or defense of this action and shall not be used for any business or competitive purpose or any other purpose whatsoever.

2. The term "Protected Information" shall be deemed to refer to all Discovery Materials designated by any party or non-party as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" during the course of discovery in this case, as set forth below.

3. The following shall govern as to all "Protected Information."

(a) Any party or non-party who produces or provides Discovery Materials (a "producing party") may designate as "Confidential" any Discovery Material that the producing party believes in good faith constitute or disclose information that qualifies for protection pursuant to Federal Rule of Civil Procedure 26(c) including, but not limited to, information that is a trade secret or other confidential research, development, commercial, or financial information.

(b) Confidential material may be further designated as "Highly Confidential – Attorneys' Eyes Only" by a producing party if that producing party believes in good faith that the material contains or discloses information that would, if disclosed to a competitor or to any entity with whom the producing party engages in commercial activity, either (i) reveal significant proprietary technical or business information of or held by the producing party, (ii) cause substantial economic harm to the competitive position of the producing party or (iii) put any person receiving such information at an unfair competitive advantage.

(c) A producing party may designate written Discovery Materials as Protected Information by causing each document that contains such information to be stamped or labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable.

(d) With respect to depositions or other testimony, a party or witness may, by statement on the record or by other agreement of counsel, designate any portion of testimony as Protected Information. (Any party or witness present who is allowed by this Order to receive the Protected Information, as designated, may

remain present during the scope of questioning with regard to subjects so designated, while all other persons shall be excused until questioning regarding non-Protected Information has resumed.) In addition, the party or witness may, by letter to all counsel of record, designate any portion of the testimony as Protected Information at any time up to thirty (30) days after actual receipt of the final transcript of the testimony. Until the end of the thirty-day period (or until an earlier designation is made by counsel), the entire testimony shall be treated as Highly-Confidential – Attorneys' Eyes Only.

(e) Material designed Highly Confidential – Attorneys' Eyes Only shall not be disclosed directly or indirectly, in whole or in part, in words or substance, except during the course of this case and then only to and among the following persons:

1. The outside and in-house attorneys for the receiving party directly involved in this lawsuit, and those attorneys' employees working under their direct supervision;

2. Any person retained by any attorney described in subparagraph (e)(1) above, to assist as an independent consulting or testifying expert in the preparation of this action for trial who is neither employed by a party nor a competitor of the producing party (if there is any question about whether or not an expert is a competitor of or is employed by a competitor of the producing party, no material designated Highly-Confidential – Attorneys' Eyes Only shall be provided to the expert before (a) the person desiring to do so has notified the producing party of the expert and the designated material involved, (b) the producing party has been given at

least ten days within which to object, and (c) in the event that the producing party does object, that objection has been overruled by the Court.);

3. Court officials involved in this litigation (including court reporters and person operating video recording equipment at depositions), provided that the parties and any other person subject to the provisions of this Order shall comply with the provisions governing the sealing of materials set forth below; and

4. Any person who authored or received such information or documents in the ordinary course of the business of his or her employer.

(f) Material designated Confidential, but not Highly-Confidential – Attorneys' Eyes Only shall not be disclosed, directly or indirectly, in whole or in part, in words or substance, except during the course of this case and then only to and among the following persons:

1. Any person who would be permitted pursuant to paragraph (e) to receive the material if it had been designated Highly-Confidential – Attorneys' Eyes Only;

2. Any party or person employed by a party, or retained by any attorney described in subparagraph (e)(1) above, to assist as an independent consulting or testifying expert in the preparation of this action for trial, whether or not that person qualifies to receive Highly-Confidential – Attorneys' Eyes Only material;

3. Any agent or employee of a party or third-party who becomes the subject of a discovery request in this matter who is required by such party or third-party to work on this litigation or on such discovery request, but only in connection with such work; and

4. Any person whose testimony is taken or may be taken in this action, except that such person may only see and retain copies of the Confidential material during his or her testimony, in preparation therefor, or in discussions with persons described in subparagraphs (e)(1), (f)(2), or (f)(3) above regarding possible testimony, and may not thereafter retain any such information.

(g) Except for the Court, court employees, and counsel of record in this case, any person permitted to receive Protected Information under paragraphs (e) or (f) must be provided with a copy of this Order and sign a confidentiality agreement in the form attached thereto as **Exhibit A** prior to receiving any Protected Information. The person or party subject to this Order who disclosed Protected Information is responsible for ensuring that any person to whom disclosure is made complies with this provision.

(h) Any party may at any time challenge the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by providing written notice of its objection to the producing party, or, in the case of a deposition, either on the record at a deposition or in writing later. If, after a meet-and-confer process, the parties cannot reach agreement, either the producing party or challenging party may, on reasonable notice, apply for an

appropriate ruling from the Court. The disputed material shall continue to be treated as designated by the producing party unless and until the Court orders otherwise. In any application concerning a ruling on the confidentiality of information, the party claiming the designation of confidentiality has the burden of establishing that such confidential designation is proper.

(i) Inadvertent disclosure of information subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery along shall not constitute a waiver of the privilege.

(j) Nothing in this Order shall prevent any party from producing any document or information in its possession to another person in response to a subpoena or compulsory process; provided, however, that if any party receives such a subpoena or compulsory process seeking production or other disclosure of Protected Information, that party shall give immediate written notice to the counsel for the producing party within ten (10) business days and, in any case, before the time for compliance with the subpoena or compulsory process expires, identifying the materials and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process. Unless the subpoena to other compulsory process specifically requires that notice not be provided to the producing party, in no event shall production or other disclosure be made before a reasonable notice is given.

(k) The Court shall maintain under seal all materials which are, in whole or in part, designated as Protected Information, including all pleadings, deposition transcripts, trial transcripts, exhibits, discovery responses, or memoranda

purporting to reproduce or paraphrase such information. The Protected Information shall be filed in sealed envelopes or other appropriately sealed containers, which shall be endorsed with the title of this action, an indication of the nature of the contents of such sealed envelopes or other containers, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable, and a statement is substantially the following form:

> THIS ENVELOPE CONTAINS DOCUMENTS WHICH WERE FILED IN THIS CSAE BY (name of Party or name of Deponent) AND PURSUANT TO THE COURT'S ORDER OF _____, 2017, IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY ORDER OF THIS COURT.

(l) In the event that a party wishes to use any Protected Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such materials used therein shall be filed and maintained under seal by the Court.

(m) At Counsel's request and no later than sixty (60) calendar days from settlement or final judgment, all copies of Protected Information in the possession of any party or any persons provided access to said materials shall be destroyed or returned to the producing party, except that work product, pleadings, deposition transcripts, court transcripts and trial or hearing exhibits may be retained by counsel of record, subject to the terms of this Order.

(n)     No copies shall be made of the Protected Information except that counsel may copy protected documents for use in the present action, subject to the provisions of this Order.

(o)     This Protective Order shall not constitute a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary materials. This Protective Order shall be without prejudice to the rights of any party to oppose production of any information on any ground. This Protective Order shall not be construed to prevent any party from using its own Protected Information in any manner it chooses, or to prevent the introduction of any Protected Information into evidence at any trial of this case subject to the terms of this Order.

IT IS SO ORDERED on this  12th   day of      April          , 2017.

_____
UNITED STATES DISTRICT JUDGE

_____  3/27/17
Melody H. Piazza          Date
*Attorney for Plaintiff*
Trammell Piazza Law Firm
1501 N. University
Suite 350
Little Rock, AR 72207


_____  _____
Michael McCarty Harrison   Date
*Attorney for T.N.H.D Partners, LLC*
*d/b/a Harley Davidson of Cool Springs*
Watts, Donovan & Tilley, P.A.
200 River Market Avenue, Suite 200
Little Rock, AR 72201


_____  _____
Michael B. Heister         Date
*Attorney for 4162 Doerr Road, Inc.*
*d/b/a Marshall Distributing, Inc.*
Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201


_____  _____
Michael E. Hale            Date
*Attorney for Power Prime Limited*
Barber Law Firm
425 West Capitol Ave., Suite 3400
Little Rock, AR 72201

Melody H. Piazza  
*Attorney for Plaintiff*  
Trammell Piazza Law Firm  
1501 N. University  
Suite 350  
Little Rock, AR 72207

_____  
Date

*[signature]*

Michael McCarty Harrison  
*Attorney for T.N.H.D Partners, LLC  
d/b/a Harley Davidson of Cool Springs*  
Watts, Donovan & Tilley, P.A.  
200 River Market Avenue, Suite 200  
Little Rock, AR 72201

_____  
Date

*[signature]*

Michael B. Heister  
*Attorney for 4162 Doerr Road, Inc.  
d/b/a Marshall Distributing, Inc.*  
Quattlebaum, Grooms & Tull PLLC  
111 Center Street, Suite 1900  
Little Rock, AR 72201

3/30/17  
Date

Michael E. Hale  
*Attorney for Power Prime Limited*  
Barber Law Firm  
425 West Capitol Ave., Suite 3400  
Little Rock, AR 72201

_____  
Date

_____    _____
Melody H. Piazza                  Date
*Attorney for Plaintiff*
Trammell Piazza Law Firm
1501 N. University
Suite 350
Little Rock, AR 72207


_____    _____
Michael McCarty Harrison          Date
*Attorney for T.N.H.D Partners, LLC*
*d/b/a Harley Davidson of Cool Springs*
Watts, Donovan & Tilley, P.A.
200 River Market Avenue, Suite 200
Little Rock, AR 72201


_____    _____
Michael B. Heister                Date
*Attorney for 4162 Doerr Road, Inc.*
 *d/b/a Marshall Distributing, Inc.*
Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201


_____    April 10, 2017
Michael E. Hale                   Date
*Attorney for Power Prime Limited*
Barber Law Firm
425 West Capitol Ave., Suite 3400
Little Rock, AR 72201

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT HASKETT AND LAURA HASKETT                                    PLAINTIFFS

VS.                     NO. 3:16-CV-00047 DPM/PSH

T.N.H.D PARTNERS, LLC d/b/a HARLEY DAVIDSON OF
COOL SPRINGS; 4162DOERR ROAD, INC. D/B/A MARSHALL
DISTRIBUTING, INC.; WESTERN POWER SPORTS, INC.,
as successor of MARSHALL DISTRIBUTING, INC.;
POWER PRIME LIMITED; And JOHN DOE 1,
UNKNOWN DEFENDANT                                                   DEFENDANTS

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have carefully read the Protective Order entered in the above-captioned matter, and I agree to be bound by its terms. Specifically, and without limitation upon such terms, I agree not to use or disclose any Confidential or Highly Confidential documents made available to me other than in accordance with the Protective Order.

I hereby agree to submit to the jurisdiction of the U.S. District Court for the Eastern District of Arkansas for enforcement of the undertaking I have made herein.

Dated: _____

_____
Signed Name

_____
Printed Name